1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10   MICHAEL JEFFRIES,                      )   Case No. 16-cv-1775-JAH(DHB)
                                            )
11                        Plaintiff,        )   **ORDER GRANTING MOTION TO**
                                            )   **DISMISS (DOC. # 3)**
12   v.                                     )
                                            )
13   UNITED STATES OF AMERICA,              )
                                            )
14                        Defendant.        )
     _____    )
15

16                            **INTRODUCTION**

17         Pending before the Court is the United States' motion to dismiss Plaintiff's

18   complaint for lack of subject matter jurisdiction. (See Doc. # 3). For the reasons set forth

19   below, the motion to dismiss is GRANTED.

20                             **BACKGROUND**

21         On January 6, 2016, Plaintiff Michael Jeffries ("Plaintiff"), proceeding *pro se*, filed

22   an action against Alexander Medina, M.D., in San Diego County Superior Court, Small

23   Claims Division, Case No. 37-2016-00332636-SC-SC-CTL. (See Doc. # 1, Exh. A). In

24   his complaint, Plaintiff alleged that Medina failed to properly treat Plaintiff at a January

25   4, 2016 medical appointment when Medina refused to order certain medical tests and

26   asserted claims for medical malpractice and negligence. Id.

27         On July 8, 2016, the United States removed the action to this Court and

28   substituted in as defendant for Medina on the basis that, at the time of the incident,

Medina was a federal employee acting within the course and scope of employment pursuant to 42 U.S.C. § 233(c). (See Docs. # 1, 2).

On July 14, 2016, the United States filed a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting that this Court lacks subject matter jurisdiction over the complaint based on Plaintiff's failure to file an administrative claim prior to commencing suit, which is required under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). (Doc. # 3, pg. 4).  Plaintiff did not file a response in opposition to the United States' motion to dismiss. On August 22, 2016, the Court vacated the hearing on the United States' motion to dismiss and took the motion under submission pursuant to Civil Local Rule 7.1.d.1. (Doc. # 4).

The Ninth Circuit has held that a district court may properly grant a motion to dismiss as unopposed pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.1995). Civil Local Rule 7.1.f.3.c provides that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Although the Court may grant the United States' motion to dismiss as unopposed, in the interests of justice, the Court addresses the merits below.

## STANDARD OF REVIEW

### A.    Legal Standard Applicable to 12(b)(1) Motions

Federal courts are courts of limited jurisdiction, and the limits on federal jurisdiction must not be disregarded. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). "The party asserting federal subject matter jurisdiction bears the burden of proving its existence." Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010). Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a defendant to seek dismissal based on lack of subject matter jurisdiction. A party seeking dismissal for lack of subject matter jurisdiction may bring a facial or factual challenge. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that the pleadings are

1   insufficient on their face to invoke federal subject matter jurisdiction. Safe Air for

2   Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating such a challenge,

3   the court accepts the factual allegations in the complaint as true. Miranda v. Reno, 238

4   F.3d 1156, 1157 n. 1 (9th Cir. 2001).

5          In contrast, where the defendant challenges the factual basis underlying the

6   allegations, the court need not accept the allegations as true and may make factual

7   determinations. White, 227 F.3d at 1242. "Once the moving party has converted the

8   motion to dismiss into a factual motion by presenting affidavits or other evidence properly

9   brought before the court, the party opposing the motion must furnish affidavits or other

10  evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Safe

11  Air, 373 F.3d at 1039 (internal citations omitted). In resolving a factual attack on

12  jurisdiction, the district court may review evidence beyond the complaint without

13  converting the motion to dismiss into a motion for summary judgment. Id. "No

14  presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed

15  material facts will not preclude the trial court from evaluating for itself the merits of

16  jurisdictional claims." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733

17  (9th Cir. 1979) (internal citations omitted). However, in the absence of a full-fledged

18  evidentiary hearing, disputed facts should be resolved in favor of the non-moving party.

19  Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996).

20          **B.    Sovereign Immunity**

21          Sovereign immunity is a jurisdictional bar to suits against the federal government.

22  "[T]he United States may not be sued without its consent and . . . the existence of consent

23  is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 211(1983). The

24  government's consent to suit defines the court's jurisdiction to hear an action against the

25  federal government. Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987). The party

26  asserting jurisdiction has the burden to establish jurisdictional facts. Indust. Tectonics, Inc.

27  v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). Evidence of the government's consent

28  to suit must be unequivocal.  Blue v. Widnall, 162 F.3d 541, 544 (9th Cir. 1998).

## DISCUSSION

The FTCA waives sovereign immunity of the United States for certain actions in tort committed by government employees. Blackburn v. United States, 100 F.3d 1426, 1429 (9th Cir. 1996). The FTCA "vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees." Jerves v. United States, 966 F.2d 517, 518 (9th Cir.1992). Claims of medical malpractice against federally funded health care facilities and their employees acting in the scope of their employment must be initiated under the FTCA. 42 U.S.C. § 233(g); 28 U.S.C. §§ 1346(b), 2401(b). The FTCA "provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." McNeil v. United States, 508 U.S. 106, 107 (1993) (citing 28 U.S.C. § 2675(a)).

In order to meet the FTCA's exhaustion requirements, a claimant must first file a claim with the appropriate federal agency. 28 U.S.C. § 2675(a); Caton v. United States, 495 F.2d 635, 638 (9th Cir. 1974). Only after that administrative claim is denied or has been pending for six months without a final determination, whichever comes first, may the claimant file his action in federal court. 28 U.S.C. § 2675(a). "The purpose of the FTCA's administrative claim procedure is 'to encourage administrative settlement of claims against the United States and thereby to prevent an unnecessary burdening of the courts.'" Brady v. United States, 211F.3d 499, 503 (9th Cir. 2000) (citing Jerves, 966 F.2d at 520). The requirement of administrative exhaustion is jurisdictional and cannot be waived. Brady, 211 F.3d at 502. When a civil action is filed before the underlying administrative claim has been denied or has been pending for six months, the Court has no jurisdiction and the matter must be dismissed. See McNeil, 508 U.S. at 113; Jerves, 966 F.2d at 519.

### A.   The Court Lacks Subject Matter Jurisdiction over the Complaint

#### 1.   Substitution of United States for Medina Was Proper

In order to determine whether the requirements of the FTCA apply to this action, the Court must first determine if the United States properly substituted in for the named

16cv1775

defendant, Alexander Medina. The Court concludes that it has. In particular, the United States filed a certification pursuant to 28 C.F.R. § 15.3 ("Certification"), signed by the Chief of the Civil Division of the United States Attorney's Office for the Southern District of California. The Certification states that, at all times relevant to the complaint, Medina was an employee of Centro De Salud De La Communidad San Ysidro, Inc., a federal health center, and that Medina was acting within the scope of his employment at the time of the incidents alleged in the complaint. (See Doc. # 2-1, pg. 1–2). Plaintiff has not challenged the Certification or the substitution of the United States as the proper defendant in this action, nor is there any evidence or allegation in the record suggesting that the United States is not the proper defendant. Accordingly, the Court concludes that the United States properly substituted in as the named defendant in the instant matter, so the FTCA, including its exhaustion requirement, applies in this case.

## 2.    The FTCA's Exhaustion Requirement Has Not Been Met

The United States asserts that this Court lacks subject matter jurisdiction over the complaint because Plaintiff has not filed an administrative claim with the Department of Health and Human Services ("DHHS"). (Doc. # 3-1, pg. 5). The Court agrees.

Here, the appropriate federal agency to receive Plaintiff's complaint is DHHS. (Doc. # 3-2). In support of its motion, the United States submitted declarations that Centro De Salud De La Communidad San Ysidro, Inc. and Medina were deemed federal employees from January 1, 2016, through the present, which includes the date the alleged malpractice occurred. (See Doc. # 1-3, pg. 1; Doc. # 3-2, pg. 1–3). The United States submitted further documentation that Plaintiff has not filed an administrative claim with DHHS. (Doc. # 3-2, pg. 1–3). Because Plaintiff has not complied with the requirements set forth in the FTCA, this Court lacks subject matter jurisdiction over Plaintiff's claims. Accordingly, the Court GRANTS the United States' motion to dismiss.

///

///

///

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the United States' motion to dismiss (Doc. # 3) is **GRANTED** and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

Dated: August 26, 2016

JOHN A. HOUSTON
United States District Judge

16cv1775